# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SEALY, INC.,**

                 **Plaintiff,**

**-vs-**                                                   **Case No. 6:07-cv-270-Orl-28KRS**

**RENEE MORDAUNT-BARRETT,**

                 **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration sua sponte after a hearing on Plaintiff Sealy, Inc.'s (Sealy) motion to compel, doc. no. 17, and based on a review of the docket in this case.

On July 17, 2007, the Court entered an order requiring Defendant Renee Mordaunt-Barrett to show cause in writing as to why sanctions should not be imposed against her for failing to file her Certificate of Interested Persons and Corporate Disclosure Statement. Doc. No. 13. Mordaunt-Barrett was required to file her response to the Order to Show Cause within eleven days from the date of that order. At the time of writing this Report and Recommendation, Mordaunt-Barrett has not filed a response to the Court's order.

On August 9, 2007, another Order to Show Cause was entered, noting that Mordaunt-Barrett had refused to participate in the case management conference and refused to cooperate with Sealy's counsel in scheduling mediation. Doc. No. 16. Mordaunt-Barrett was required to show cause, within eleven days from the date of that order, as to why sanctions should not be imposed, "including but not

limited to the striking of her Answer and the entry of default against her," for failing to comply with the Court's previous orders. Mordaunt-Barrett was cautioned that if default was entered against her, "Plaintiff [would] be able to pursue a default judgment against her." At the time of writing this Report and Recommendation, Mordaunt-Barrett has failed to respond to the Court's order.

Based on Mordaunt-Barrett's failure to respond to discovery, Sealy filed to a motion to compel, which was set for hearing on October 18, 2007. Doc. Nos. 17, 18. In the Order and Notice of Hearing setting the motion for oral argument, it was ordered that Mordaunt-Barrett personally appear in Court for the hearing. Doc. No. 18. Mordaunt-Barrett was cautioned that "[f]ailure to do so may result in imposition of sanctions, which could include entry of a default precluding her from defending herself in this case." *Id.* The Clerk of Court was directed to mail a copy of the Order and Notice of Hearing to Mordaunt-Barrett at her address of record. Mordaunt-Barrett failed timely to attend the hearing on Sealy's motion to compel.[1]

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Federal Rule of Civil Procedure 37(b)(2)(C) permits the Court to strike Mordaunt-Barrett's answer and enter a default against her.

---

[1] My courtroom deputy clerk advised me that Mordaunt-Barrett arrived in Court at approximately 10:20 a.m. By that time, the 10:00 a.m. hearing had concluded, and counsel for the plaintiff was no longer in Court.

It is undisputed that Mordaunt-Barrett has failed to comply with two orders to show cause. She has received ample notice that her disregard of the Court's orders could result in the imposition of sanctions, including a default being entered against her. As Mordaunt-Barrett has failed to respond to the Court's orders and failed timely to attend a hearing she was required to attend, sanctions are warranted.

Accordingly, I respectfully recommend that the Court **STRIKE** Mordaunt-Barrett's answer, doc. no. 8, and **DIRECT** the Clerk of Court to enter a default against her. I further recommend that the Court give Sealy thirty days from the date of the ruling on this Report and Recommendation to file a motion for default judgment.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to **Mordaunt-Barrett at her address of record. Mordaunt-Barrett is cautioned that failure to file and serve a written objection to this Report and Recommendation within ten days may result in a default being entered, which would preclude her from defending herself in this case.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy