**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SEALY, INC.,**

        **Plaintiff,**

**-vs-**                                      **Case No.  6:07-cv-270-Orl-28KRS**

**RENEE MORDAUNT-BARRETT,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 26)**
>
> **FILED:**       **December 7, 2007**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

**I.**     **PROCEDURAL HISTORY.**

On February 23, 2007, Plaintiff Sealy, Inc. ("Sealy") filed a two-count complaint against Defendant Renee Mordaunt-Barrett alleging violations of Florida common law civil conversion and civil theft in violation of section 772.11, Florida Statutes. Doc. No. 1. Specifically, Sealy alleged that Mordaunt-Barrett, while employed by Sealy, stole $58,600.25 from Sealy by systematically adding her name to the payee line in money orders entrusted to her and depositing the money into her personal credit union account.

Mordaunt-Barrett represented herself in the case. The Court issued two orders to show cause why sanctions should not be entered against Mordaunt-Barrett for failure to follow the rules and orders of the Court. Doc. Nos. 13, 16. Mordaunt-Barrett did not file a response to either order. Subsequently, the Court scheduled a hearing on a motion to compel filed by Sealy and required Mordaunt-Barrett to attend the hearing in person. Doc. Nos. 17, 18. The Court cautioned Mordaunt-Barrett that failure to appear at the hearing could result in impositions of sanctions, including entry of a default. Doc. No. 18. Mordaunt-Barrett did not appear in Court at the time scheduled for the hearing. Doc. No. 23. Accordingly, the Court entered an order striking her answer and entering a default against her. Doc. No. 24.

Sealy now seeks entry of a default judgment against Mordaunt-Barrett. Sealy served the motion on Mordaunt-Barrett. As of the writing of this Report and Recommendation, Mordaunt-Barrett has not responded to the motion. Therefore, the motion is ripe for review.

## II.   APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

If it is determined that a default judgment is warranted, then the court may hold a hearing on damages. *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (citing Federal Rule

of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id.*  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Court may rely on an affidavit of the amount due to support entry of a default judgment.  *See* Fed. R. Civ. P. 55(b)(1).

**III.    ANALYSIS.**

In the motion for entry of a default judgment, Sealy does not discuss the elements of either of its causes of action or show how the well-pleaded allegations of the complaint establish each element of each cause of action.  There is no affidavit or other sworn statement establishing the "sum certain" constituting Sealy's actual damages.  Moreover, Sealy presented no evidence in support of its request for an award of attorneys' fees and costs. Thus, the motion for default judgment is insufficient on its face.[1]

To the extent that Sealy intended to base its motion for default judgment on the sanctions permitted by Federal Rule of Civil Procedure 16(f) and 37(b)(2)(C), the motion is not well taken.  The Court has already imposed the sanction of default and permitted Sealy to prove that it is entitled to entry of a default judgment.  Furthermore, evidence of the amount of damages to be awarded would be required even if the Court had ordered entry of a default judgment, rather than merely a default, pursuant to Rule 16(f).

---

[1] Sealy has also not discussed the basis of this Court's jurisdiction considering that the actual loss alleged, $58,600.25, is below the threshold amount-in-controversy necessary for this Court to exercise diversity jurisdiction.  *See* 28 U.S.C. § 1332.  While the law may allow the Court to consider statutory treble damages and attorneys' fees in determining the amount-in-controversy, Sealy should address the jurisdictional predicate for the action in any renewed motion for entry of a default judgment.

Accordingly, it is **ORDERED** that Sealy shall file and serve an amended motion for entry of a default judgment on or before August 4, 2008. The motion shall contain a legal and factual analysis of the following: (1) the Court's subject-matter jurisdiction over each cause of action; (2) the elements of each cause of action and how the well-pleaded allegations of the complaint establish each element; and, (3) evidence in support of the request for an award of damages, including evidence of the reasonable hourly rate and reasonable number of hours worked by each professional for whom attorneys' fees are sought and evidence of the actual costs incurred.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy